**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **SIDNEY MARTS** | **CIVIL ACTION NO. 05-1599-LC** |
| **VS.** | **SECTION P** |
| **JAMES LeBLANC, WARDEN** | **JUDGE MINALDI**<br>**MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed on September 8, 2005, by pro se petitioner Sidney Marts. Petitioner is a detainee awaiting trial on simple robbery charges in the Orleans Parish Criminal District Court. As a result of Hurricane Katrina, petitioner has been transferred to various prisons in Louisiana. When he filed his petition, he was incarcerated at the C. Paul Phelps Corrections Center, DeQuincey, Louisiana. He is presently incarcerated at the South Louisiana Correctional Center, Basile, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The original and amended petitions, along with the presumptively reliable published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On or about August 17, 2005, petitioner was arrested by the New Orleans Police Department and charged with simple robbery. On August 19, 2005, petitioner appeared before a judge of the Orleans Parish Criminal District Court. He requested and was permitted to represent himself. A preliminary hearing was scheduled for August 24, 2005, however, that hearing was continued to September 1, 2005. That hearing was apparently continued without date due to

Hurricane Katrina. [Doc. 5-2, p. 2].

2. Petitioner claims that he has not been formally charged or arraigned and therefore his continued custody under such circumstances violates due process [Doc. 5-2, p. 4] and equal protection. [Doc. 10, p. 1].

3. Petitioner also contends that he should be charged with the misdemeanor offense proscribed by LSA R.S.14:59(A) and not the felony offense of simple robbery, LSA R.S.14:65. [id.]

4. Petitioner claims to have some unspecified proceeding pending before Louisiana's Fourth Circuit Court of Appeals [Doc. 5-1, p. 5]**,** and an application for writ of habeas corpus pending in Louisiana's Twentieth Judicial District Court, Clinton, Louisiana. [Doc. 5-1, p. 7].

5. Petitioner submitted his original petition for writ of habeas corpus on September 8, 2005. [Doc. 1]. Since the pleading was deficient, petitioner was ordered to amend. [Doc. 2]. On December 6, 2005, petitioner complied with the deficiency order and submitted his petition on the appropriate forms. [Doc. 5]. On the same date he filed a Motion to Waive Required Copy and a Motion to Proceed *in forma pauperis*. [Docs. 6, 7]. The latter motion was granted on December 6, 2005, and the former motion was referred to the merits. [Doc. 8]. On December 29, 2005, petitioner advised the court of his transfer to his present place of incarceration. [Doc. 9]. On January 11, 2006, petitioner filed an amended complaint, and on January 30, 2006, he filed a Motion to Amend his Petition. [Docs. 10 and 11].

## LAW AND ANALYSIS

Challenges to pre-trial detention by a state prisoner are properly presented to the court in a petition filed pursuant to 28 U.S.C. § 2241. However, federal habeas relief "should not be used as a 'pre-trial motion forum for state prisoners.'" *Dickerson v. Louisiana*, 816 F.2d 220, 229 (5th Cir. 1987), quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S.Ct. 1123, 1129 (1973) Thus, there are limitations on the availability of habeas relief in such circumstances. Federal habeas relief is normally not available to a state pre-trial detainee who seeks the dismissal of an indictment or who seeks to otherwise prevent prosecution by the State. *Dickerson,* 816 F.2d at 226, citing *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976); *Braden, supra*. Further, in order to be eligible for federal habeas relief, the petitioner must be "in custody" and must have exhausted the available state court remedies. *Dickerson*, 816 F.2d at 224.

Although exhaustion is not statutorily mandated for habeas corpus petitions filed pursuant to § 2241, the jurisprudence indicates that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225, citing *Braden*, 93 S.Ct. at 1126-1128; *Ex parte Royall*, 6 S.Ct. 734, 739- 41 (1886); *Brown,* 530 F.2d at 1283. "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id.*

In order to satisfy the exhaustion requirement, the state courts must be given "a fair

opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court." *Picard v. Connor,* 92 S.Ct. 509, 512 (1971). This is accomplished when the petitioner presents his claims to the highest state court in a procedurally proper manner. *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988) (*per curiam*)*; Brown, supra*; *Anderson v. Harless,* 103 S.Ct. 276 (1982); *Picard, supra.* Under the law of Louisiana, a detainee claiming that he is entitled to immediate release must raise his challenge by a writ of *habeas corpus* under the criminal jurisdiction of the appropriate district court. *Madison v. Ward*, 00- 2842 (La.App. 1st Cir.7/3/02), 825 So.2d 1245, 1254 (en banc). The district court's denial of such a claim is not appealable; however, it is reviewable by the appropriate court of appeal by supervisory writ. LSA-C.Cr.P. art. 369; *Madison*, 825 So.2d at 1250; *Bernard v. Louisiana Dept. of Public Safety and Corrections*, 2000-1912 (La.App. 1 Cir. 9/20/02), 843 So.2d 413. Thereafter, a state *habeas* petitioner must seek further review in the Louisiana Supreme Court.

In the instant case, the petition fails to demonstrate that petitioner has exhausted the available state court remedies before proceeding herein. This deficiency is supported by this court's research which demonstrates an absence of a decision by any state court pertaining to petitioner's pending criminal charges.

Accordingly,

**IT IS RECOMMENDED** that petitioner's habeas corpus petition be dismissed without prejudice for failure to exhaust the available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of February, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE